AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

FILED

United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| United States of America | ) | |
| v. | ) | Case No.   MJ 25-526 JMR |
| Isael Valencia-Hernandez (Year of Birth 1969) | ) ) ) ) | |
| _____ *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___February 1, 2025___ in the county of ___Bernalillo___ in the District of ___New Mexico___, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| 18 U.S.C. § 922(g)(5) | Alien in Possession of a Firearm |
| 8 U.S.C. §§ 1326(a) and (b) | Illegal Reentry by a Removed Alien |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Katrina Davis, HSI
*Printed name and title*

Telephonically sworn and electronically signed.

Date:   ___3/24/25___

_____
*Judge's signature*

City and state:   ___Albuquerque, New Mexico___

Jennifer Rozzoni, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| IN THE MATTER OF THE ARREST OF:<br>Isael VALENCIA-HERNANDEZ<br>YEAR OF BIRTH 1969 | |
|---|---|

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Katrina Davis, a Special Agent with the Homeland Security Investigations, being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND BACKGROUND OF THE AFFIANT**

1.      I make this affidavit in support of the arrest of Isael VALENCIA-HERNANDEZ (year of birth 1969) (hereafter "VALENCIA"), for violations of 18 U.S.C. § 922(g)(5), Alien in Possession of a Firearm, and 8 U.S.C. §§ 1326(a) and (b), Illegal Reentry by a Removed Alien.

2.      I am presently employed as a Special Agent with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), where I have worked since June of 2024. During my tenure as a Special Agent, I have completed the Criminal Investigator Training Program (CITP) as well as the Homeland Security Investigations Special Agent Training Program (HSISAT) at the Federal Law Enforcement Training Center (FLETC). These training programs included topics such as constitutional law, customs and immigration law, civil and criminal forfeiture, narcotics investigations, financial investigations, physical and electronic evidence, human trafficking, weapons trafficking, investigative methods, and more. As part of my duties as a Special Agent for HSI, I investigate criminal violations, including violations of 18 U.S.C. § 922(g)(5), Alien in Possession of a Firearm; and 8 U.S.C. §§ 1326(a) and (b), Illegal Reentry by a Removed Alien. Prior to my tenure as a Special Agent, I attended Iowa State University where I graduated with a bachelor's degree in criminal justice.

3.      I have received formal and on the job training from other experienced agents and law enforcement officers. My investigative training and experience include, but is not limited to, conducting surveillance, interviewing subjects, writing affidavits for search and arrest warrants, collecting evidence and learning legal matters which includes the topics of arrests and fourth amendment searches. I am a federal law enforcement officer who is engaged in enforcing criminal laws, including violations of United States Code Title 18 and Title 8, and I am authorized by law to request an arrest warrant.

4.      The statements contained in this affidavit are based upon my investigation, training and experience, as wells as information provided by other law enforcement officers or from other reliable sources.  Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts which I believe are necessary to establish probable cause to support the requested criminal complaint.

## FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

5.      On February 5, 2025, I received notification from the Isleta Pueblo Police Department (IPD) about a foot patrol interdiction that occurred on February 1, 2025.  On February 1, 2025, IPD Officer Tommy Romero and IPD Sergeant Mike Huckeby encountered VALENCIA at the Isleta Pueblo Casino, in Bernalillo County, NM. During this encounter, it was learned that VALENCIA had narcotics in his vehicle and he was placed under arrest for possession of a controlled substance. It was revealed through a search of VALENCIA's person incident to his arrest that he had a .22 Caliber Omega Revolver (bearing serial number 317145) in his front pocket, which had been previously concealed. VALENCIA was transported to the Isleta Pueblo Police Department for booking procedures.

6.      Based on my training and experience, the seized firearm meets the federal definition of a firearm.  I conferred with Special Agent Kristen Larsen with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) regarding whether the firearm previously moved in interstate commerce prior to its presence in New Mexico. I learned, preliminarily, that the firearm's original manufacturer parent company is located in Germany with the United States subsidiary is located in Ohio.  Therefore, the firearm had to travel in interstate commerce prior to arriving in New Mexico. This is a preliminary finding pending full analysis by ATF.

7.      HSI Albuquerque conducted pertinent database queries with the biographical information for VALENCIA and learned he had been previously removed and was currently illegally present in the United States. It was found that VALENCIA was issued alien number ending in 043 and FBI number ending in CC5. In the furtherance of these database queries, the following information was also discovered:

a.      In July of 2000, VALENCIA was served with a Notice to Appear/Warrant for Arrest by Border Patrol for staying in the United States unlawfully for over one year. He was removed on August 9, 2000, from El Paso, TX.

b.      In May of 2003, Immigration and Customs Enforcement (ICE) Enforcement Removal Operations (ERO) reinstated the Deport Order I-871 and VALENCIA was again removed on May 28, 2003, from El Paso, TX.

c.      In November of 2011, ICE ERO reinstated the Deport Order I-871 and served VALENCIA. He was removed on January 6, 2012, from Brownsville, TX.

d.      In January 2012, ICE ERO reinstated the Deport Order I-871 and served VALENCIA. He was removed later that year on November 13, 2012, from Harlington, TX.

e.      In January of 2013 CBP reinstated the Deport Order I-871 and served

VALENCIA with the reinstatement. He was removed on March 29, 2013, from San

Ysidro, CA.

8.      In summary, I have probable cause to believe that Isael VALENCIA-

HERNANDEZ has committed violations of 18 U.S.C. § 922(g)(5) and 8 U.S.C. §§ 1326(a) and

(b).


_____
Katrina Davis
Special Agent
Homeland Security Investigations


Subscribed electronically and sworn telephonically
to me this 24th day of March 2025:

_____
JENNIFER M. ROZZONI
UNITED STATES MAGISTRATE JUDGE